

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-17-2006

# USA v. Edwards

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2685

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Edwards" (2006). *2006 Decisions.* Paper 1748.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1748

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————————————

No: 04-2685

—————————————

UNITED STATES OF AMERICA

v.

DARRIUS EDWARDS
aka
LEONARD EDWARDS
aka
FAT
aka
LEONARD WAYMANE

Darrius Edwards,
Appellant

————————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 02-cr-00524)
District Judge: Honorable Anita B. Brody

————————————

Submitted Under Third Circuit LAR 34.1(a)
on September 15, 2005

BEFORE: ROTH, MCKEE and FISHER, Circuit Judges,

(Filed: January 17, 2006)

**ROTH**, Circuit Judge:

Darrius Edwards appeals his conviction and sentence for possession of a firearm by a convicted felon. Specifically, Edwards challenges the District Court's denial of a motion to suppress evidence. Edwards also appeals the sentence imposed by the District Court.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction over this appeal from a final judgment pursuant to 28 U.S.C. § 1291.

On March 13, 2002 two police officers observed a car being driven by the defendant, Darrius Edwards, travel through three stop signs without stopping. The officers attempted to pull Edwards over but he did not stop. They continued to pursue the vehicle but at one point temporarily lost sight of it. The officers then saw the defendant running from the vehicle and gave chase. The officers described Edwards as a black male dressed in a blue T-shirt and grey sweat pants but did not relay this information to other officers. Backup officers interviewed the passengers in the car who described the driver as a black male wearing a black hooded jacket with white lettering and green pants. As he ran, the defendant dropped a jacket containing a gun which one of the pursuing officers picked up. The officers lost sight of the defendant during the foot pursuit but found him stopped by two other officers who had responded to a radio call for

2

assistance. Edwards was arrested after being identified by a passenger in the vehicle. The two pursuing officers also identified Edwards as the person they were chasing.

Following Edwards' conviction by the jury, the District Court held a sentencing hearing and determined that Edwards was an armed career criminal. The court increased the length of the sentence imposed because it found that Edwards had four previous convictions.

On appeal, Edwards argues that the motion to suppress evidence was improperly denied because the government did not prove there was reasonable suspicion to detain him initially. Edwards argues that because the police officers (other than the two officers who had originally seen Edwards) were looking for a black male in a black jacket and green pants and because Edwards was wearing a blue T-shirt and grey pants, the officers detaining him had no reasonable suspicion to do so. Therefore, his initial detention was illegal and the subsequent show up identification and in court identification should have been suppressed under the fruit of the poisonous tree doctrine. See Wong Sun v. United States, 371 U.S. 471 (1963).

This theory in support of suppression is not, however, the theory Edwards presented to the District Court. There, he contended that the police had no reasonable suspicion to stop his vehicle and that therefore the jacket and the gun in it were not admissible evidence.

Federal Rule of Criminal Procedure 12(b)(3), however, requires a defendant to file

a suppression motion prior to trial or it is deemed waived under Federal Rule of Criminal Procedure 12(e). Since Edwards failed to raise the identification theory at the District Court level, it has been waived and we need not review the issue on the appeal. United States v. Lockett, 406 F.3d 207 (3d Cir. 2005).

Moreover, even if the suppression theory had not been waived, it would still fail as the facts of the case establish that Edwards was properly seized. See United States v. Stubbs, 281 F.3d 109 (3d Cir. 2002).

Edwards also challenges his sentence pursuant to United States v. Booker, 125 S. Ct. 738 (2005) and United States v. Fanfan, 125 S. Ct. 5 (2004). On March 9, 2005, we advised Edwards that, if he wished to raise an issue based on the Court's decision in Booker, he would have to file a letter within 14 days stating the factual and legal basis for the challenge. To date, there has been no response. Nevertheless, the Booker issue is raised in Edwards' brief and we will therefore remand this case to the District Court for resentencing.

For the above stated reasons, we will affirm the judgment of conviction and remand this case to the District Court for resentencing.